[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} The assignments of error are overruled. Providing school crossing guards is a governmental function. See Smith v. Cleveland, (Apr. 27, 1995), 8th Dist. No. 67543, discretionary appeal not allowed (1995), 74 Ohio St.3d 1409, 655 N.E.2d 187. R.C. 2744.02(A)(1) affords the city immunity. See id. None of the exceptions set forth in R.C. 2744.02
(B) are applicable. See id. Further, the absence of a school crossing guard at the intersection did not constitute a nuisance. See Franks v.Lopez, 69 Ohio St.3d 345, 1994-Ohio-487, 632 N.E.2d 502.
{¶ 3} Therefore, the judgment of the trial court is affirmed.
{¶ 4} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.